What is unique about this case is that in the underlying trial of Buenaventura-Castillo-Basa, unlike most cases where the defense argues various theories and if you get an acquittal it's not known what the basis for the acquittal was. In this case the defense put all their eggs in one basket. They argued exclusively the theory that Mr. Castillo-Basa was never brought before an immigration judge and therefore there was no deportation. They conceded the testify and all the arguments revolved around the defense theme and involved bolstering the credibility of Mr. Castillo-Basa. So when the jury reached a verdict of not guilty and an acquittal, they passed favorably on the credibility of Mr. Castillo-Basa. And under Ash v. Swenson, the doctrine of collateral estoppel has to be applied with realism and practicality. And the elements of Ash v. Swenson are clearly met in this case. Your Honor, I just don't think there's any other way that the jury could have reached the conclusion that Mr. Castillo-Basa was not guilty. What if the jury didn't believe Mr. Castillo-Basa, but also didn't really believe the government and just concluded, you know, the government just didn't meet its burden. We don't really believe either one of them. Well, in Ash v. Swenson, holding that these cases have to be decided based on a rationality and a practical and rational basis, if that isn't applied, we would never know. There would always be some question as to how did the jury reach the verdict. But when you look at the proceedings in this case, since it was the only thing that was argued centered around the credibility of Mr. Castillo-Basa, there is just no way that the jury could have found him not guilty without passing favorably. Is the issue really whether they found him credible, or is the issue whether they found that he had not had a hearing before the immigration judge? Well, it's really impossible to separate the two. Well, that may depend on the way you analyze the case. The collateral estoppel doctrine normally applies to an issue that has been decided. That is correct. Normally, the jury is not deciding the issue of credibility. It's determining issues such as whether he was brought before an immigration judge. The government said he had been. He said he hadn't been. And that either was something that they necessarily determined when they Well, that is the issue. And I would contend that the fact that the jury, and this is something that was conceded by the government at the motions hearing, is that of course the jury found that Mr. Castillo-Basa was not brought before a deportation hearing. It was conceded in the district court here? Yes, Your Honor. At the motions of these hearings? Yes, Your Honor, in the argument. The government agreed that they had to find that. And based on that finding, there's no basis for a perjury charge, because it can only be perjury if it is false that he was not If it was false, it's a question of whether it's collateral estoppel. And it is collateral estoppel. Why not necessarily decide it? I mean, there was a request for an instruction that might have gone in that direction, and the instruction was denied. Moreover, I just took a look at the argument again, and in the argument, everything that moved was attacked by the defense attorney in this case. Well, I disagree, Your Honor, because the other elements were conceded, but They weren't conceded at all. They challenged the credibility of the agents, whether the agents can remember anything. The entire evidence in this case is a house of cards. Moving on to the agent's testimony, the A-file stuff doesn't make any sense. Agent Holmes didn't know what he was talking about. I mean, they take about the entire case in the final argument. Well, all of those arguments revolve around the issue of whether Mr. Castillo-Vaza was present at the deportation hearing. In other words, they conceded the other elements of 1326 That's the reason I asked you whether the issue was really whether he was telling the truth or whether the issue was really whether he received a hearing. He's being prosecuted for saying he didn't receive a hearing. And in his final argument, which Dave Pratt refers to, they tried to establish he did not receive a hearing by attacking lots of parts of the government's case that go to whether he received a hearing. That's true. My point is that if the issue is whether he received a hearing, the government could have, as Judge Wardlaw suggested, said, well, we decide this issue regardless of his testimony. We decide that he didn't receive a hearing or that the government didn't prove he received a hearing, not just because of his testimony or not primarily because of all the other weaknesses in the government's case, but that still resolves the issue of whether he received a hearing. Whether it's resolved on the basis of his testimony or not. There's two ways to look at it. Certainly, everything revolved around the question of whether he was present at the hearing. That was the essence of the defendant's argument. But the government wasn't required to prove that, prove presence. Apparently, the government found that out too late, that the government actually thought they needed to prove it, and that's what they argued. And the defense of the proposed instruction was that he had to be present. That was rejected. It was... wasn't really a necessary element. He had to prove a deportation. He had to prove a deportation, but ultimately, the judge was asked by the jury whether they need to... if they find that he's not present, can they find that... is that necessary to find whether there's deportation? And the court said that it is a... it said, no, he doesn't have to be present at a deportation hearing, but it is a factor that can be considered, is whether he was present. And that's apparently the path that the jury was taken... the jury took in this case, and as was conceded by the government during argument below. All right. We have a minute, 20 seconds left for rebuttal, if you want. Very well. I'll save that. Thank you. Good morning, honors. May it please the court, Valerie Chu for the appellee, the United States. In this case, the question is whether an individual has successfully committed perjury and, as a result, received an acquittal in a prior case, can be tried for perjury in a subsequent indictment. The question is whether it's double jeopardy or collateral estoppel. Yes, Your Honor. And the collateral estoppel doctrine does not prevent a subsequent indictment for perjury. And what is he being charged with perjury in saying what? That he didn't receive a deportation hearing? That any time prior to May 2nd, 1996, he was not taken before an immigration judge and he was not given a deportation hearing. And was that issue not determined by the jury in this case? It was not determined. It was not necessarily decided. Did you disagree with the government's position below? Your Honor, the government made it. I would disagree with the characterization that Mr. Burke has given. The government took a position. The government took a position. A U.S.A. cast to be specific. Yes. The one who tried the case. That the government had not met its burden of proof beyond a reasonable doubt. But I ask you about the issue. Did the government not concede below that the jury decided that issue, the issue that he did not receive a hearing? The jury – the government only conceded that the government failed to meet its burden of proof as to the deportation. That doesn't make it a substantive affirmative finding. The government conceded that they made a determination that we did not prove beyond a reasonable doubt that he'd gone before an immigration judge. That we had not proven beyond a reasonable doubt that he had gone before the immigration judge. The question is, is it affirmative? The government evidence did not meet the burden. Yes, Your Honor. On that issue. The government did not meet its burden. That is not affirmative evidence that, in fact, he was not present. So when someone's acquitted that the government didn't meet the burden, that's not collateral estoppel? Not necessarily, Your Honor. I would refer the Court to its language in Charles v. Hickman. Instead of meaning that certain acts did not happen, an acquittal means that they were not proven beyond a reasonable doubt. And so the question is. Does that mean there's no double jeopardy? No, Your Honor. And this Court has found in certain select cases that, in fact, collateral estoppel was applied and could be used. When the government fails to meet its burden in a criminal case, you apply collateral estoppel or double jeopardy. Not automatically, Your Honor, because that in this situation where someone has successfully committed perjury to get an acquittal would preclude any possible further perjury indictment, because they're obviously testifying as to an element of the crime. A failure to meet an element would have resulted in the acquittal, but that doesn't mean that subsequent perjury indictment could not be brought. And I would note that the difficulty in determining what the jury has necessarily decided, it necessarily decided merely that the government failed to meet its burden of proof on the elements of the 1326 proceeding, one of which, obviously, was the deportation element. No, but on this specific issue, you agree that the government failed to meet its burden. On the specific issue of the deportation. The deportation incorporates. No. I wonder if there was a deportation hearing. Your Honor, I would submit that I take the position that we conceded that the government failed to meet its burden of proof on the deportation. Deportation has a number of different parts. But not on whether there was a deportation hearing. Your Honor, I agree that Ms. Kass mentioned that at the time of the. She didn't mention it. She said it. Yes, Your Honor. She did state it at the time. She did say the government did not meet its burden on that issue. And Mr. Burke responded in the same way, to argue to the judge that that was, in fact, a concession by the government that the issue was decided. The district court did not rely upon that in reaching its decision to deny the motion for dismiss. And I stand here today, Your Honor, to affirm, to request affirmance of the district court's decision in this case. And the district court's decision discussed what he felt were the issues. And the issue that wasn't decided was the defendant's veracity in the prior trial. I would submit that the defendant's veracity, whether or not he lied on the witness stand, is really the question in the perjury case. Now, whether he lied about not receiving a hearing. Yes. That is what's been charged. But, Your Honor, again, I would submit that the jury's verdict, what was necessarily decided, it's possible that that was possibly what was decided by the jury. It could have been found. But the question is, for collateral estoppel, and why it needs to be read narrowly in this context, is what was necessarily decided by the jury. And I would submit that it's the question here of his veracity, and the jury did not necessarily weigh on the correct – Well, not his verbal veracity. Sorry? His veracity when he asked that particular question. Yes, Your Honor. And the jury did not necessarily favor or weigh in favor of his veracity that he was necessarily telling the truth when he provided that information. Rather, the jury could simply have found that the government failed to meet its burden of proof, as to the other numerous gaps in the evidence that defense counsel cited. Now, none of the numerous gaps on whether he received a hearing. I'm not quite sure and still what your position is on appeal. I understand your position below. Your Honor, I – Is your position that, yes, the jury did decide the question of whether he received a hearing, and they only decided that the government failed to meet its burden on that question? Or are you saying they may not have decided the question about whether he received a hearing at all? Your Honor, I believe that the jury only decided, as to either question, that the government failed to meet its burden of proof, which I submit is not affirmative evidence. As though, in a criminal case, that's all they ever decided. Certainly. As to the deportation. Yes. And even if – argue, I know, that this Court were to assume or to reach the position that they had made that decision that it hadn't been proven beyond a reasonable doubt as to the specific question of whether he was present at the hearing, which I submit is encompassed in what the closing arguments were by the defense counsel, but not the sole issue. And I would say that what he focused on was the deportation hearing didn't happen. It didn't happen because they didn't – the government didn't show that the defendant was present. It's – the immigration judge's order is a little bit suspect. Who knows the authenticity? There's no fingerprint. They didn't bring the immigration judge. A whole variety of errors in the deportation process, one of which may have been that he was not present, that the jury may have found that the government failed to prove that beyond a reasonable doubt. However, I don't think that that precludes necessarily the perjury indictment in this case. And because – because courts have determined when a subsequent perjury prosecution is being brought, that the question is the question of the individual's credibility in the prior proceeding. All of those cases, isn't it – sometimes they do allow perjury after a criminal trial when the person's acquitted. And then they say the issue isn't necessarily decided. Yes, Your Honor. But no issue's ever necessarily decided other than the fact that the government didn't meet its burden of proof. Yes, Your Honor. So the fact that all the jury may have decided that the government didn't meet a burden of proof doesn't change anything. Your Honor, I would – Otherwise, it would never be an issue necessarily decided. Well, I would point to this Court's prior decisions in this area, to the difficulty of the courts determining what a jury verdict means. In the two cases, Sarno and Hernandez, in which collateral estoppel was applied after acquittal, those cases, the acquittal resulted from the district court's judgment of acquittal, in which the district court actually explained why it was – was ruling in favor of acquittal. When this Court has considered jury acquittals, for example, in United States v. Richard, a case decided a decade after Sarno and Hernandez, the – the Court said it's not clear what the jury necessarily decided. In that case, Mr. Richard actually testified, denied knowledge that the people he was driving around were aliens. Like, the government obviously contested that and described specific encounters that he had with people that – that should have showed that he had knowledge that they were aliens. Well, he was acquitted of that charge. And later on, the government brought a charge of false statement, obstruction of justice, and reliance on a false document. In rejecting Mr. Richard's claim of collateral estoppel, the Court said the jury may have acquitted Richard because the circumstantial evidence supplied by the government did not prove the element in that case, which was his knowledge of the illegal aliens. They also said to construe Sarno so broadly would create a per se bar to subsequent perjury prosecution. Yes, Your Honor. I believe that's the – that's the risk here. It's difficult to determine what – what the jury necessarily decided. If he could have – It wasn't difficult for the U.S. attorney who tried the case. She understood what they decided and told the Court below. Your Honor, again, the Court did not rely upon that determination. You're asking us to hold notwithstanding anything your colleague may or may not have said to affirm the judgment and decision of the district court. That's what you're asking. Yes, Your Honor. To examine the records of the case – We should disregard the government's position below because that lawyer is no longer handling the case. We found a lawyer who's going to come in and tell us the opposite. Your Honor, I'm asking you to affirm based on the district court's decision in this case. Your Honor, I think what may be helpful is if I may describe an example. The immigration context is a little bit confusing. But what if, for example, in a murder case, the defendant has denied that he committed the crime. He was acquitted of the crime. He said that he didn't do it. He was acquitted of the crime. Later on – Make it a short example. Sorry, Your Honor. Later on, he confesses. Can the government bring a charge of perjury? Certainly, they can't bring a charge for him for their murder conviction. Can they bring a charge of perjury against him? And I submit that the answer there is yes, because the question there, even the question of what the jury found was simply not that he didn't do the crime. Simply the government failed to meet its burden in that prosecution. But a subsequent perjury conviction can be brought in reliance on his later confession. They didn't have to prove that he committed the crime. They just – he confessed that was enough to sustain the perjury conviction, that this circuit addressed the situation factually similar to that. All right. Thank you, counsel. Thank you, Your Honor. Okay.  Okay. We'll give you two minutes and no more. Thank you, Your Honor. The government cites the Richards case. And that was a case where trip logs for a taxi were involved. And they were considered to be tangential circumstances, tending to rebut the government's case. And as in, the government had cited in its written materials the Dipp case. And the Dipp case involved subsequent perjury prosecution where the testimony related to a subsequent criminal act used to show conspiracy. That in the instant case, the testimony went right to the heart of the defense, that he wasn't present before an immigration judge, and therefore there was no deportation. It was the defense theme that was argued over and over again in everything related to that defense theme. And that's why looking at the records below in this case, I think it's clear that the jury's verdict of not guilty was a finding that he was not present. And therefore, the government is collaterally stopped from bringing a perjury charge because the essence of perjury is to say that this statement is false when in fact a jury has already made a determination. However, I also think that you can't really separate the determination of the jury from the testimony of Mr. Castillo-Baza, which the defense argued that he sat in his jury box, he looked you in the eye, and he told you the truth. Everything centered around bolstering Mr. Castillo-Baza's testimony, and the jury accepted it. Thank you, Your Honor. This argument will be submitted. Next case for argument is Pisa v. Blanks.
judges: Reinhardt, Trott, Wardlaw